UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BONTLE SIPHO KHOZA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 25-02831 (UNA) |
| DISTRICT OF COLUMBIA *et al*., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This action brought *pro se* is before the Court on review of Plaintiff's complaint and application for leave to proceed *in forma pauperis*. For the following reasons, the Court grants the application and dismisses the complaint.

Plaintiff, a homeless individual in Washington, D.C., sues the District of Columbia and an "old man that sleeps with his dog in the streets." Compl., ECF No. 1 at 1-3. In the jurisdictional section of the form complaint, Plaintiff checks diversity of citizenship but also writes "4th Amendment, 1st Amendment." *Id*. at 3. Plaintiff alleges that the "elderly looking dude" let go of the dog's leash while the dog [was] looking at me," and the dog then ran toward Plaintiff "barking as if to bite" him. *Id*. at 4. Although the man "pull[ed] the dog back," Plaintiff alleges that the man's "repeated" actions brought the dog closer to "biting me." *Id*. Plaintiff threatened to "get the police," which angered the man. "Luckily," Plaintiff ran across the street "to the police" and explained the situation "to the secret service" and/or the police. *Id*. Plaintiff seeks $24 trillion in punitive damages. *Id*. at 5.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available

only when a "federal question" is presented, *id*. § 1331, or the parties are "citizens of different States" and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id*. § 1332(a). A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3).

The instant complaint does not present a claim arising under "the Constitution [or] laws . . . of the United States," 28 U.S.C. § 1331, nor assert facts establishing the citizenship of the parties subject to diversity jurisdiction. *See Long v. District of Columbia,* 820 F.2d 409, 414 (D.C. Cir. 1987) ("[T]he District, like the fifty states, is not subject to diversity jurisdiction."); *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (Because citizenship "is an essential element of federal diversity jurisdiction," the complaining party "bears the burden of pleading the citizenship of each and every party to the action.") (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983)). Therefore, this case will be dismissed by separate order.

Dated: November 12, 2025                                         _____
                                                                 TREVOR N. McFADDEN, U.S.D.J.